IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

SANCHEZ-CAPOTE V. TYSON FOODS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NORAIDA SANCHEZ-CAPOTE, APPELLANT,
V.
TYSON FOODS, INC., AND TYSON FRESH MEATS, INC., INSURER, APPELLEES.

Filed May 28, 2013.    No. A-12-543.

Appeal from the Workers Compensation Court: RONALD L. BROWN, Judge. Affirmed.

Alice S. Horneber, of Horneber Law Firm, P.C., for appellant.

Raymond R. Aranza, of Marks, Clare & Richards, L.L.C., and Kent M. Smith, of Scheldrup Blades, for appellees.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Noraida Sanchez-Capote appeals from the award of the Workers' Compensation Court denying her permanent benefits related to an injury sustained in April 2009, finding that she did not suffer a work-related injury in January 2010, and denying vocational rehabilitation benefits. Because we find there was sufficient evidence in the record to support the compensation court's findings, we affirm.

### BACKGROUND

Sanchez-Capote began working at Tyson Foods, Inc. (Tyson), in February 2009. The parties stipulated at trial that she sustained bilateral wrist tendonitis arising out of and in the course of her employment at Tyson with an accident date of April 27, 2009. Tyson voluntarily paid temporary total disability benefits from April 28 through July 22.

Sanchez-Capote reported the injury to Tyson on April 28, 2009, and that same day, she saw Dr. Michael Adams for the pain and swelling in her wrist and hand. He diagnosed her with

tendonitis. Dr. Adams recommended that Sanchez-Capote be put on light duty at Tyson. He referred her to physical therapy and, later, to work hardening. When she was unable to progress with the work hardening, Dr. Adams referred her to an orthopedist, Dr. Peter Bergquist. Dr. Bergquist noted that Sanchez-Capote's chief complaint was bilateral upper extremity pain but that she seemed confused and had trouble identifying specifically which area was causing her pain. He found that her complaints and her sensitivity to palpation were inconsistent. He recommended that Sanchez-Capote continue work hardening as tolerated, and when she was unable to continue, he recommended that she undergo a functional capacity evaluation (FCE).

Sanchez-Capote underwent the FCE on July 10, 2009, with physical therapist, Randy Presler. Presler noted that she was cooperative during the evaluation and displayed good effort. Presler placed her in the medium physical demand category and concluded, based on her reported symptoms and injury history, that she would be better suited for activities that did not require prolonged or heavy gripping and squeezing tasks. He recommended permanent restrictions but determined that one of the positions Sanchez-Capote had previously been performing at Tyson, called the "round heads" position, fell within her restrictions.

After reviewing the FCE report in August 2009, Dr. Bergquist indicated that he agreed with the results, and he placed Sanchez-Capote at maximum medical improvement (MMI). He also opined that she did not sustain any permanent partial disability from her April injury. When Sanchez-Capote informed Tyson that working the "round heads" position was still causing her pain, Tyson asked Presler and Dr. Bergquist to approve other possible positions for her. Presler and Dr. Bergquist determined that the "kill janitor" position, the "saddle loins" position, and the "save and separate rectums" position all fell within Sanchez-Capote's restrictions.

In January 2010, Sanchez-Capote reported another injury to Tyson, giving an accident date of January 12, 2010. She saw Dr. Rodrigo Gomez on January 21, complaining of pain in her neck, chest, upper back, left elbow, and both wrists and hands. Dr. Gomez placed her on light duty with restrictions, and when her symptoms failed to improve, he referred her to Dr. John Hurley, a rheumatologist. Dr. Hurley diagnosed Sanchez-Capote with fibromyalgia. The records of Drs. Gomez and Hurley indicate that although Sanchez-Capote expressed numerous subjective complaints of pain, they were unable to find anything objectively wrong other than the fibromyalgia. Because of her continued pain, Sanchez-Capote was unable to return to full duty work, and she has not been employed with Tyson since May 2011.

Sanchez-Capote underwent x rays of her thoracic, lumbar, and cervical spine in July 2011, and the results were negative. In January 2012, she saw Dr. Michael Morrison for an independent medical evaluation. Dr. Morrison noted that Sanchez-Capote has a history of tendonitis in her wrists, but he was unable to find evidence of any objective findings. He opined that any restrictions she had at work would be based on her accountability of subjective pain, not based on any objective physical findings that would restrict her. He also rendered the opinion that Sanchez-Capote had reached MMI and that no long-term impairment was anticipated. Sanchez-Capote subsequently underwent an MRI on her left elbow, and the results revealed "humeroulnar joint mild diffuse thinning of articular cartilage" but were otherwise negative for any abnormalities. After reviewing the MRI results, Dr. Morrison confirmed that Sanchez-Capote remained at MMI.

After trial, the compensation court entered an award finding that there was no sufficient evidence that Sanchez-Capote experienced permanent impairment to either hand due to the wrist tendonitis stipulated to by the parties and that there was no sufficient evidence of permanent impairment due to any diagnosis causally related to the April 2009 injury. The court further found that there was "no sufficient persuasive medical causation opinion for any injury alleged to have occurred in January, 2010," and that therefore, Tyson and Tyson Fresh Meats, Inc., its insurer, were entitled to credit for indemnity paid. Additionally, the court found "[t]here was no sufficient persuasive medical opinion that future medical care [would] be necessary for [any] injuries causally related to an accident date of April 27, 2009, or January 12, 2010." Finally, the court found that because "there was no sufficient persuasive evidence of any permanent functional impairment or permanent physical restrictions," Sanchez-Capote was not entitled to vocational rehabilitation services. Sanchez-Capote timely perfected her appeal to this court.

## ASSIGNMENTS OF ERROR

Sanchez-Capote alleges that the compensation court erred in (1) failing to find that she suffered a work-related injury on January 12, 2010; (2) failing to find that she suffered temporary and permanent impairment as a result of work-related injuries which occurred on April 27, 2009, and January 12, 2010; and (3) failing to find that she is entitled to payment for temporary and permanent indemnity, past and future medical expenses, and vocational rehabilitation services as a result of work-related injuries which occurred on April 27, 2009, and January 12, 2010.

## STANDARD OF REVIEW

Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2012), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Manchester v. Drivers Mgmt.*, 278 Neb. 776, 775 N.W.2d 179 (2009). On appellate review, the findings of fact made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* If the record contains evidence to substantiate the factual conclusions reached by the trial judge in workers' compensation cases, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *Id.*

## ANALYSIS

*Work-Related Injury on January 12, 2010.*

Sanchez-Capote alleges that the compensation court erred in failing to find that she suffered a work-related injury on January 12, 2010. The issue of causation of an injury or disability is one for determination of the trier of fact. See *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002). In testing the sufficiency of the evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party. *Id.* When considering the evidence in the light most favorable to Tyson and its insurer, the record supports a conclusion that there was no work-related injury in January 2010 because none of

Sanchez-Capote's medical providers drew the causal connection between her complaints of pain and an injury sustained at Tyson.

In a workers' compensation case, the worker has the burden to prove the causal relationship between the injury, the employment, and the disability, and unless the injury is objective and plainly apparent, the worker must present legally competent medical testimony regarding that causal relationship. *Lounnaphanh v. Monfort, Inc.*, 7 Neb. App. 452, 583 N.W.2d 783 (1998). Although the medical testimony need not be couched in the magic words "'"reasonable degree of medical certainty or a reasonable probability,"'" the testimony must be sufficiently definite and certain that a conclusion can be drawn that there was a causal connection between an accident and a disability. See *Shahan v. Hilker*, 241 Neb. 482, 486, 488 N.W.2d 577, 580 (1992).

The parties in this case stipulated that Sanchez-Capote suffered a work-related injury in April 2009, causing her bilateral wrist tendonitis. Dr. Bergquist placed her at MMI in August 2009, with no resulting permanency for her April 2009 injuries. Although Sanchez-Capote filed a new incident report in January 2010 and sought medical treatment, none of her medical providers rendered an opinion drawing the causal connection between her subjective complaints in January and thereafter and her job. Except for a diagnosis of fibromyalgia, the doctors were unable to find anything objectively wrong with her. Drs. Gomez and Hurley questioned whether Sanchez-Capote would be able to continue working at Tyson because the nature of her job duties required such physical labor, but neither doctor rendered the opinion that her job caused her injuries. Rather, the doctors drew the connection between Sanchez-Capote's complaints of pain with her fibromyalgia, but there was no medical evidence that her employment caused her fibromyalgia. We therefore conclude that the evidence supports the compensation court's finding that there was no compensable injury sustained in January 2010.

*Temporary and Permanent Impairment.*

Sanchez-Capote argues that the compensation court erred in failing to find that she suffered temporary and permanent impairment as a result of work injuries which occurred on April 27, 2009, and January 12, 2010. As stated above, the evidence supports the finding that Sanchez-Capote did not suffer a work-related injury in January 2010, and therefore, she was not entitled to temporary or permanent disability benefits in connection with a January accident date. Accordingly, we reject this part of Sanchez-Capote's argument. Because the parties stipulated that Sanchez-Capote was temporarily disabled from April 27 through July 22, 2009, and Tyson and its insurer voluntarily paid temporary total disability benefits during that period, the only issue remaining is whether she suffered permanent impairment as a result of her April injury. We conclude that the evidence supports the compensation court's finding that she did not, because Dr. Bergquist placed Sanchez-Capote at MMI in August and opined that she did not sustain any permanent disability from her April injury.

Before permanent partial disability can be awarded, the plaintiff must prove that he or she has a permanent impairment. *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002). The issue of whether the claimant has sustained permanent impairment, and the extent of impairment, are questions of fact. *Id*. When testing the sufficiency of the evidence to support the

findings of fact, the evidence must be considered in the light most favorable to the successful party. *Id.*

When considered in the light most favorable to Tyson and its insurer, the evidence supports a finding that Sanchez-Capote did not suffer permanent impairment as a result of her April 2009 injury. As a result of the FCE in July 2009, Presler recommended permanent restrictions for Sanchez-Capote, but he determined that several positions at Tyson fell within those restrictions. Dr. Bergquist agreed with the results of the FCE and placed Sanchez-Capote at MMI. Dr. Bergquist also opined that Sanchez-Capote had not sustained any permanent partial disability from her injury. We therefore find this assignment of error is without merit.

*Payment for Other Benefits.*

Sanchez-Capote alleges that the compensation court erred in failing to find that she is entitled to payment for temporary and permanent indemnity, past and future medical expenses, and vocational rehabilitation services as a result of work-related injuries which occurred on April 27, 2009, and January 12, 2010. We have already determined that Sanchez-Capote is not entitled to any temporary or permanent indemnity benefits beyond what Tyson and its insurer voluntarily paid. Additionally, because Sanchez-Capote did not suffer a work-related injury in January 2010, she is not entitled to any medical expenses relating to an injury of that date. Similarly, she is not entitled to any additional payment for medical expenses relating to the April 2009 injury, because Tyson and its insurer already paid for her medical expenses from April 27 through July 22, and she did not sustain permanent impairment. Accordingly, the only remaining issue is whether Sanchez-Capote is entitled to payment for vocational rehabilitation services.

Vocational rehabilitation benefits are properly awarded when an injured employee is unable to return to the work for which he or she has previous training or experience. *Stacy v. Great Lakes Agri Mktg.*, 276 Neb. 236, 753 N.W.2d 785 (2008). Whether an injured worker is entitled to vocational rehabilitation is ordinarily a question of fact to be determined by the compensation court. *Id.* We conclude that the compensation court's finding that Sanchez-Capote is not entitled to vocational rehabilitation services is not clearly wrong, because although Sanchez-Capote has been unable to return to work at Tyson, she did not sustain permanent impairment as a result of a work-related injury.

In *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002), the Nebraska Supreme Court found that a worker is not entitled to vocational rehabilitation benefits absent a finding that the worker is permanently impaired. The *Green* court stated:

> Without a finding of permanent medical impairment, there can be no permanent restrictions. Without impairment or restrictions, there can be no disability or labor market access loss. Absent permanent impairment or restrictions, the worker is fully able to return to any employment for which he or she was fitted before the accident, including occupations held before the injuries occurred. As [Neb. Rev. Stat.] § 48-162.01(3) [(Reissue 2010)] indicates, if one is able to return to work, he or she is not entitled to vocational rehabilitation.

263 Neb. at 206, 639 N.W.2d at 103.

In this case, the compensation court found that there was no sufficient evidence of permanent impairment causally related to the April 2009 injury. The court also found that

because there was no sufficient evidence of any permanent impairment or permanent physical restrictions, Sanchez-Capote was not entitled to vocational rehabilitation services. As we stated above, the record supports a finding that Sanchez-Capote did not sustain permanent impairment. And without a finding of permanent impairment, the trial court cannot award vocational rehabilitation services. Sanchez-Capote's argument is without merit as to vocational rehabilitation services.

## CONCLUSION

We conclude the compensation court was not clearly wrong in determining that Sanchez-Capote did not suffer a work-related injury in January 2010 and is therefore not entitled to any benefits in connection with an injury on that date. The evidence supports the compensation court's finding that Sanchez-Capote was not entitled to additional benefits beyond what Tyson and its insurer voluntarily paid with respect to the accident in April 2009. Finally, the compensation court was not clearly wrong in denying vocational rehabilitation benefits, because the record supports a finding that Sanchez-Capote did not sustain permanent impairment.

AFFIRMED.